IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

FILEMON CHAVEZ-TENA,          )
                                         )
          Plaintiff,            )    TC-MD 111015C
                                         )
      v.                     )
                                         )
DEPARTMENT OF REVENUE,      )
State of Oregon,                )
                                         )
          Defendant.      )    **DECISION**

Plaintiff has appealed adjustments made by Defendant to his state tax returns for 2008

and 2009. Trial was held in Salem on April 3, 2012. Plaintiff appeared on his own behalf, aided

by two Spanish language interpreters. Defendant was represented by Kyle Quiring, Tax Auditor,

Oregon Department of Revenue.

## I. STATEMENT OF FACTS

Plaintiff filed Oregon tax returns for 2008 and 2009 on August 30, 2010. Defendant

issued a Notice of Deficiency for the 2008 tax year on December 20, 2010, and a Notice of

Deficiency Assessment on February 15, 2011. Defendant issued a Notice of Deficiency for the

2009 tax year on November 9, 2010. Plaintiff subsequently filed an amended 2009 Oregon

return November 22, 2010. Defendant issued a Notice of Deficiency Assessment for the 2009

tax year on January 19, 2011. For reasons not entirely clear the court, Defendant then issued

Plaintiff a refund based on Plaintiff's amended 2009 Oregon return on June 27, 2011.[1]

Plaintiff claimed himself and six other individuals as dependents (for a total of seven

dependents) on both returns (2008 and 2009). The dependents Plaintiff claimed were his mother

---

[1] It is likely that Defendant was processing the assessment for 2009 following the earlier deficiency, and that the 2009 amended return Plaintiff filed was processed separately and ultimately generated a refund that Defendant now seeks to reclaim by disallowing the two dependents and changing Plaintiff's filing status to single.

and father, two nephews, and two godchildren. All of those individuals live in Mexico in a house owned by Plaintiff. Plaintiff also chose a filing status of head of household for both tax years.

Defendant allowed only one dependent (Plaintiff) for 2008 and three dependents (Plaintiff and his two parents) for 2009. Because Defendant disallowed all of the dependents (other than Plaintiff) on Plaintiff's 2008 return, Defendant changed Plaintiff's 2008 filing status from head of household to single.

Plaintiff has appealed those adjustments to this court, requesting that the court allow all claimed dependents on his returns for both tax years. If the court allows any dependents, Plaintiff would be allowed the head of household filing status as well.

Defendant has asked the court to uphold the assessment for 2008 and to allow an additional deficiency for 2009 in the amount of $672. (See Def's Ans at 1; Def's Ex B-1.) That deficiency would follow from disallowing the two dependent exemptions Defendant believes were erroneously allowed on the amended 2009 return, and changing Plaintiff's 2009 filing status to single.

## II. ANALYSIS

As this court has previously noted, "[t]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007." *Ellison v. Dept. of Rev.*, TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal definition for dependents, including those allowed under section 152 of the Internal Revenue Code (IRC).

/ / /

IRC section 152(a) generally defines dependent to include a qualifying child, or a "qualifying relative." Parents and nephews are "qualifying relatives," but persons not related by blood or marriage--*e.g.*, godchildren--are not. IRC § 152(d)(2) (defining a qualifying relative as "an individual [who] bears a relationship to the taxpayer described in th[at] paragraph," the list of which includes individuals generally related by blood or marriage including the taxpayer's children and descendents of such children, brothers, sisters, stepbrothers and stepsisters, a father or mother, stepfather or stepmother, children of a brother or sister of the taxpayer and the various in-laws). Thus, Plaintiff has four qualifying relatives. Additionally, "[t]he term 'dependent' does not include an individual who is not a citizen or national of the United States unless such individual is a resident of the United States or a country contiguous to the United States." IRC 152(b)(3). Plaintiff's relatives in Mexico, a country contiguous to the United States, meet that requirement.

To claim a qualifying relative as a dependent, a taxpayer must provide more than one-half of the individual's support for the calendar year. IRC § 152(d)(1)(C) (requiring that the taxpayer claiming the dependent "provides over one-half of the individual's support for the calendar year"). Moreover, a taxpayer must not only provide over one-half of the support, but be able to prove that support.

"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427.[2] This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

_____

[2] All references to the Oregon Revised Statutes (ORS) are to 2009.

See also *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 394, 737 P2d 595 (1987) (noting that the Latin origin of the word preponderance "translates to 'outweigh, be of greater weight,' " and "is generally accepted to mean the greater weight of evidence").

Defendant is willing to accept that Plaintiff sent approximately $7600 to his family in Mexico in 2008 and approximately $4181 in 2009. While Defendant's representative stated at trial that he respected Plaintiff for helping his family, he did not believe Plaintiff should be allowed to claim any of the dependents in Mexico because there is no way to determine from the evidence presented whether Plaintiff satisfies the support test in IRC section 152. The court agrees.

Plaintiff submitted a sworn statement given by his parents in Mexico which indicates that they (the parents) and the four children living in the home with them "depend economically" on their son--Plaintiff in this case--and that Plaintiff has "frequently" sent money to them for housing, food, clothing and medical expenses for the last 11 years. (Ptf's Ex 1.) However, Plaintiff testified that he has no receipts for the family's household expenses in Mexico because merchants in that country generally do not give receipts. Moreover, when questioned by the court, Plaintiff was only able to estimate the family's likely monthly grocery budget, testifying that he believed they spent approximately $400 per month on food. Additionally, Plaintiff's home in Mexico where his relatives live sits on 24 acres of land and Plaintiff testified that the family grows vegetables (primarily corn, beans and squash) for their own personal consumption. That activity presumably reduces the family's food budget for at least part of the year.

As for the other typical household expenses, Plaintiff candidly acknowledged that he had no idea as to how much money the family in Mexico spent for clothing, housing (including

/ / /

water, electricity, phone, and cable TV), or medical care. Plaintiff testified that it was "impossible to guess."

Furthermore, Plaintiff testified that his father worked in 2008 and 2009 and earned approximately $300 per month. That amounts to approximately $3600 per year for each of those years.

Therefore, although the parties agree on the amount of money Plaintiff sent to Mexico in 2008 and 2009, the court cannot determine whether Plaintiff provided more than half of the support in either year for the four qualifying relatives living in Mexico. That is so because it is not entirely clear how much money flowed into that household in the years in question, the value of the food the family grew in 2008 and 2009, or what the household expenses were for the four qualifying relatives. Without all of that information, the court is unable to determine whether Plaintiff provided at least one-half of the support for the relatives in Mexico.

III. CONCLUSION

The court concludes that Plaintiff has failed to demonstrate by a preponderance of the evidence that he provided over one-half of the support of the four qualifying relatives living in Mexico to whom he sent money in 2008 and 2009, and Plaintiff is therefore unable to claim them as dependents on his state tax returns for those years. Plaintiff cannot claim as dependents the two godchildren living with his family in Mexico because they are not qualifying relatives as that term is defined under the federal tax code. Accordingly, Plaintiff can only claim himself as a dependent in 2008 and 2009, and his filing status for those two years is single rather than head of household. Furthermore, Defendant's additional $672 deficiency for 2009 is allowed because Plaintiff is not allowed to claim the two dependents Defendant erroneously allowed after Plaintiff filed his amended 2009 return. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for 2008 and 2009 is denied and Defendant's additional $672 deficiency for 2009 is allowed.

Dated this \_\_\_ day of April 2012.

 

 

 

JILL A. TANNER
PRESIDING MAGISTRATE

 

***If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.***

***This document was signed by Presiding Magistrate Jill A. Tanner on April 30, 2012. The Court filed and entered this document on April 30, 2012.***